UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BROWN,

                        Petitioner,

        -against-

AMY COOK,

                        Respondent.

24-CV-01655 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at Orleans Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his 2000 conviction in the New York Supreme Court, Westchester County. The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reasons set forth below.

      An application for relief under Section 2254 is second or successive if a prior petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Because Petitioner's previous application for relief under § 2254, challenging the same conviction, was adjudicated on the merits, *see Brown v. Conway*, ECF 1:06-CV-5041, 33 (RO) (S.D.N.Y. Apr. 11, 2011), this application is a second or successive petition. Before a second or successive *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner, therefore, must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244(b)(3)(A).[1]

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence

## CONCLUSION

In the interest of justice, the Court transfers this petition for *habeas corpus* relief under Section 2254, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 15, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).